## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY R. TREAT and EMMA TREAT,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| vs.    ) | Case No. 09-CV-59-TCK-PJC |
| ) | |
| THERMOGUARD EQUIPMENT INC.;    ) | |
| ALLIANCE MACHINES SYSTEMS    ) | |
| INTERNATIONAL, LLC; J&L GROUP    ) | |
| INDUSTRIES, LLC; and H ENTERPRISES    ) | |
| INTERNATIONAL, INC.,    ) | |
| ) | |
| Defendants.    ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 13).

**I.    Background**

Plaintiffs originally brought this action in the District Court in and for Creek County, State of Oklahoma on May 1, 2008. In their Petition, Plaintiffs alleged that machinery manufactured by Defendant Thermoguard Equipment, Inc., and subsequently purchased by Defendants Alliance Machines Systems International, LLC and J&L Group Industries, LLC, caused substantial bodily harm to Plaintiff Jimmy R. Treat ("Mr. Treat") when the "lift conveyor came down, crushing his arm." (Pet. § 2.) Count One of the Petition claims that the machinery was "defective and unreasonably dangerous . . . at the time it left the possession and control of Defendants" and that Defendants acted with "reckless disregard for the safety of the user." (*Id.* § 3.) Count Two of the Petition is brought by Plaintiff Emma Treat ("Mrs. Treat") and asserts a loss of consortium claim.

This matter was originally removed on May 25, 2008 on the basis of diversity jurisdiction and was previously styled as Case No. 08-CV-318-GKF-PJC. On September 29, 2008, Judge

Gregory K. Frizzell remanded the matter back to state court after finding that Defendants failed to establish that the amount in controversy exceeded $75,000. Thereafter, on February 2, 2009, Defendants again removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand the matter, arguing that although Defendants have demonstrated that Mr. Treat's claims exceed the jurisdictional threshold, Defendants have provided no facts showing the value of Mrs. Treat's claims, thereby defeating any claim that diversity jurisdiction exists.

**II.     Standard**

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light, Co.*, 495 F.2d 906 (10th Cir. 1974). As such, the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal. *See Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

The "amount in controversy" has been recently defined by the Tenth Circuit as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[T]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). "Where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of

the alleged damages supported by the underlying facts." *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003); *see also* N.D. Okla. LCvR 81.3.

A defendant bears the burden of proving these "underlying facts" supporting the assertion that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See McPhail*, 529 F.3d at 955. The Tenth Circuit recently clarified that, although a defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it possible that $75,000 [is] in play," "[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *Id.* (adopting Seventh Circuit's reasoning in *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540-43 (7th Cir. 2006)). "[O]nce [] underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

**III.   Analysis**

As noted above, Plaintiffs concede that Defendants have demonstrated Mr. Treat's claims exceed $75,000.00. (*See* Pl.'s Reply in Support of Mot. to Remand 1 ("stating that "[t]he factual bases for the [allegation that the amount in controversy exceeds $75,000] is supported by facts indicating that the claim of Mr. Treat is more than $75,000.00").) Instead, Plaintiffs argue that Defendants have offered no facts demonstrating that Mrs. Treat's loss of consortium claim meets the jurisdictional amount. In response, Defendants argue that they are not required to demonstrate the amount in controversy as to Mrs. Treat's claim, citing *Exxon Mobil Corporation v. Allapattah Services, Incorporated*, 545 U.S. 546, 566-67 (2006).

In *Allapattah*, the Supreme Court consolidated two lower court decisions and addressed the question of whether, in a multiple-plaintiff suit, a defendant must demonstrate that the amount in

3

controversy is met as to each individual plaintiff's claims. The Court held that when there is complete diversity of citizenship and at least one named plaintiff's claim satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332, a district court may exercise supplemental jurisdiction over the jurisdictionally insufficient claims of any other plaintiff with regard to the same "case or controversy." *Id.* at 566-67.[1] Plaintiffs argue that *Allapattah* is inapplicable in this case because Defendants did not reference 28 U.S.C. § 1367 (governing supplemental jurisdiction) in their Notice of Removal. The Court is therefore faced with the narrow issue of whether citation to § 1367 is required in Defendants' Notice of Removal in order for Plaintiffs' claims to fall within the rule of law pronounced in *Allapattah*.

Plaintiffs cite *Laughlin v. K-Mart Corporation*, 50 F.3d 871 (10th Cir. 1995), in support of their assertion that Defendants' failure to cite § 1367 in the Notice of Removal mandates remand. Although *Laughlin* outlines the general rules for removal, it does not address the specific question involved in this case, and the Court was unable to locate any other Tenth Circuit opinion dealing with the requirements for a Notice of Removal in light of *Allapattah*. Instead, the only helpful case found by the Court — namely, *Czarnecki v. Hawthorn Manufacturing Corporation*, No. 08-5558,

---

[1] Although *Allapattah* involved a class action suit, Plaintiffs failed to make any argument that application of *Allapattah* should be limited to the class action context. Accordingly, the Court will apply Allapattah's holding to the instant case. In addition, the Court finds nothing in *Allapattah* to suggest that its holding is limited to the class action context. In fact, one of the consolidated cases at issue in *Allapattah* was a multiple-plaintiff, non-class action suit. *See* 545 U.S. at 551, 560 (describing facts of simultaneously decided *Ortega v. Star-Kist Foods, Inc.*, which was a multiple-plaintiff, non-class action suit) (indicating that rule in the case applies to "claims of plaintiffs permissively joined under [Federal Rule of Civil Procedure 20]" as well as in class actions); *see also Tafoya v. Am. Family Mutual Insur. Co.*, 08-cv-01656, 2009 WL 211661, at *2, n.3 (D. Colo. Jan. 28, 2009) (applying *Allapattah* outside class action context).

2009 WL 159806 (E.D. Pa. Jan. 16, 2009) (unpublished) — indicates that failure to cite § 1367 in a Notice of Removal does not affect a court's ability to exercise supplemental jurisdiction pursuant to *Allapattah*.[2]  Like Defendants, the defendant in *Czarnecki* cited 28 U.S.C. § 1332 as the basis for removal in its Notice of Removal and did not include a specific citation to § 1367.  After outlining the holding of *Allapattah*, the court then addressed the effect of this omission:

> In this case, although [defendant] did not invoke 28 U.S.C. § 1367 in its Notice of Removal, this court would have statutory authority to exercise supplemental jurisdiction over all members of the purported class of plaintiffs so long as the claims of the sole named plaintiff . . . met the $75,000.00 amount-in-controversy requirement.

*Id.* at *3.  *Czarnecki* therefore indicates that, so long as the requirements of *Allapattah* are met, it is immaterial that a defendant fails to cite § 1367 in its Notice of Removal.

Accordingly, the Court finds that Defendants' failure to cite § 1367 in its Notice of Removal does not immediately mandate remand.  The Court instead finds that an exercise of supplemental jurisdiction is proper under *Allapattah*.  Specifically, it is undisputed that there is complete diversity of citizenship and that at least one plaintiff's claim – here, Mr. Treat – satisfies the amount-in-controversy requirement.  *See Allapattah*, 545 U.S. at 566-67.  The Court further finds that Mrs. Treat's loss of consortium claim arise out of the same "case or controversy" as Mr. Treat's claim, s*ee id.* at 566, as both claims "derive from a common nucleus of operative fact" and would accordingly be best adjudicated together, *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1165 (10th Cir. 2004).  Plaintiffs' Motion to Remand (Doc. 13) is therefore DENIED.

---

[2]  Because *Czarnecki* addresses the precise issue before this Court, the Court cites it for its persuasive value.  *See* 10th Cir. R. 32.1 (stating that an unpublished case is not precedential, but may be cited for its persuasive value).

**SO ORDERED** this 19th day of August, 2009.

_____
**TERENCE KERN**
**United States District Judge**